### Frances Van Wormer, Appellee, v. Metropolitan Life Insurance Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Frances Van Wormer against the Metropolitan Life Insurance Company, a corporation, to recover on three policies of insurance issued by the defendant on the life of Clara E. Cake, the beneficiary being her husband. The policy was assigned by the insured and her husband to the plaintiff. The insured, Clara E. Cake, died of pneumonia.

The only errors assigned relate to the cause of action charged in the second count of the declaration, which was based on a policy for one thousand dollars. To this count the defendant filed nine pleas setting up alleged false answers made by Clara E. Cake in her application for the policy. To these pleas replications were filed. The jury found the issues in favor of plaintiff and to reverse the judgment entered on the verdict, defendant appeals.

The aplication and the policy constituted the contract of insurance, and by the terms thereof the alleged false answers are representations and not warranties.

CONKLING & IRWIN, for appellant.

SMITH & FRIEDMEYER, and SAMPSON & PUTTING, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 904*—*when verdict on issue as to false answers in application sustained by the evidence.* In an action for life insurance where the defense was that the insured made false representations in her answers to questions asked in the application concerning her health, *held* that a verdict for plaintiff could not be disturbed as against the weight of the evidence, where the questions and answers were stricken out by a long cross mark drawn through them, and there was a conflict in the evidence whether the questions and answers were in fact made and given and the weight of the evidence did not show that the answers were wilfully false.

2. INSURANCE, § 214*—*construction of answer where question in application embraces more than one question.* Answer "No" to a question asked in an application for life insurance: "Have you ever been an inmate of, or have you ever attended for treatment, an asylum, hospital or sanitarium? If yes, when, how long and for what?" construed as not constituting a false representation, since the question embraced at least three questions, and the answer so. far as the evidence showed was correct as to two of them and the fact that the words "sanitarium" and "asylum" were connected with "hospital" might have misled the applicant.

3. INSURANCE, §214*—*when answer in application not shown to be false.* Answer "No" to a question asked in an application for insurance: "Have you had any other illness than the above named?" *held* not shown to be a false representation where it did not appear that she had any other illness except trivial complaints.

4. INSURANCE, § 214*—*when answer to question in application not false.* Answer "No" to a question asked in an application for insurance: "Have you consulted any other physician?" If so, when and for what?" *held* a proper answer where no physician had been named in answer to a previous question.

5. INSURANCE, § 214*—*when answer to question in application not false representation.* Answer "None" to a question asked in an ap-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plication for life insurance: "What is name and address of your usual medical attendant?" *held* not shown by the evidence to be a false representation, where it did not show which one of a number of physicians treating her for trivial ailments she considered as her usual physician.

6. INSURANCE, § 214*—*when answer to question in application literally correct.* Answer "No" to a question asked in an application for insurance: "Have you had any other medical attendant, or have you been prescribed for by any other physician than the above named?" *held* literally correct where no physician had been named in the application.

7. INSURANCE, § 329*—*when insurance estopped from questioning the integrity of the answers in the application.* The striking out of certain questions in an application for life insurance, *held* sufficient to put the insurance company upon notice if the application was unsatisfactory, and that the company by accepting the application in such condition and issuing the policy thereon was thereafter estopped to question the integrity of the answers.